UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENZER BELL,

                        **Plaintiff,**

                **OPINION & ORDER**

             - against -

                **05 Civ. 7182 (LTS) (RLE)**

ANDY'S CAR COMPANY,

                        **Defendant.**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Pro se Plaintiff, Renzer Bell, filed this action on August 12, 2005, against George Anthony Stephens and Andy's Car Company ("Defendant"). George Anthony Stephens was terminated as a Party on March 15, 2007. Bell, who alleges that Defendant breached or anticipatorily repudiated a contract to take delivery of a car he had located at Defendant's behest, seeks to recover $75,080 in damages. Defendant filed a counterclaim on December 2, 2005, alleging that Bell breached an obligation to procure delivery of the car by a certain date and seeking to recover $30,000 in damages it claims it incurred.

## II. BACKGROUND

On July 13, 2007, pursuant to Federal Rule of Civil Procedure 37, Bell moved to compel Andy's Car Company and George Anthony Stephens to appear for oral depositions. Since George Anthony Stephens has been terminated as a defendant, the Court will consider Bell's motion only insofar as it seeks to compel a deposition of Andy's Car Company. On August 27, 2007, Defendant cross-moved for a protective order; to dismiss Bell's complaint; for an order precluding Bell from

opposing its counterclaim and affirmative defenses; to compel Bell to provide his Rule 26(a) disclosures by certified mail; to compel Bell to respond to its first document request and first set of interrogatories; for an order that Bell pay its fees and costs incurred in making its motion and opposing Bell's motion to compel; and for "such other and further relief as [the] Court deems just and proper" (Def.'s Notice of Cross-Motion at 1-2).

For the reasons below, Bell's motion is **DENIED** and Defendant's cross-motion is **DENIED.**

### III.  DISCUSSION

**A.  Plaintiff's Application to Compel Defendant's Deposition.**

On March 19, 2007, Bell sought to schedule Defendant's deposition for June 2007. Defendant refused Bell's request on June 27, 2007, arguing that since Bell had not hitherto honored any of Defendant's discovery requests, including requests for initial disclosures, it would be ineffective to conduct depositions. Defendant argues that since Bell "has failed to provide *any* disclosure at all – no Rule 26 disclosure, no interrogatory responses, and not one document" (Def.'s Aff. in Opp. to Pl.'s Mot. to Compel ("Def.'s Opp.") ¶ 29) (italics in the original), "it would be ineffective to conduct depositions" (*id.* ¶ 30). Defendant asks that Bell's motion be denied, and that the Court issue a protective order pursuant to Rule 26(c) protecting Andy's Car Company from having to submit to a deposition until Bell has complied with his discovery obligations.

"A trial court enjoys wide discretion in its handling of pre-trial discovery," *Cruden v. Bank of N.Y.,* 957 F.2d 961, 972 (2d Cir. 1992), and a "court is given broad discretion regarding whether to issue a protective order," *LaPlante v. Estano*, 228 F.R.D. 115, 116 (D.Conn. 2005) (*citing Dove. v. Atl. Capital Corp.,* 963 F.2d 15, 19 (2d Cir. 1992)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to

dictate the sequence of discovery.").

Twelve months into this litigation, it is still unclear whether Bell has duly served the requisite Rule 26 disclosures, and Defendant claims that he has been unresponsive to its interrogatories and document request. While Bell represents that he has "timely served defendants with answers/responses to their discovery demands" (Pl.'s Reply Aff. in Supp. of Mot. to Compel Disc. ¶5), he has failed to proffer any extrinsic evidence in support of that claim, notwithstanding a July 16, 2007 Order that he show "proof of service of his Rule 26 disclosures." So long as he cannot demonstrate that he has complied with his obligations under the Federal Rules, and so long as the Court is ignorant of the adequacy of whatever disclosures he has made, Bell's attempt to arrange Defendant's deposition is premature. For the foregoing reasons, Bell's application to compel Defendant's testimony is **DENIED**. Bell will not be allowed to conduct depositions until he has demonstrated to the Court that he has satisfied the requirements of this Opinion and Order.

**B. Defendant's Application to Dismiss the Complaint.**

Defendant argues that Bell's complaint should be dismissed in its entirety for willfully disregarding this Court's orders and his obligations. *See* FED. R. CIV. P. 37(b)(2)(C). Bell denies any noncompliance, and asserts that he has responded to Defendant's first set of interrogatories and first document requests. Dismissal of an action is an extreme sanction reserved for extreme situations, *Cody v. Mello,* 59 F.3d 13, 15 (2d Cir. 1995), and will be utilized "only when a court finds 'willfulness, bad faith, or any fault'" on the part of the nonmoving party, *Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 764 (2d Cir. 1990) (citations omitted). Even if the Court credits Defendant's claim that Bell's proffer has been deficient, Defendant has not demonstrated that Bell's behavior amounts to "sustained and willful intransigence in the face of repeated and explicit warnings

3

from the [C]ourt that refusal to comply with [C]ourt orders . . . would result in the dismissal of his action." *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir. 1994). Furthermore, "[f]ederal courts give strong preference to deciding cases on the merits." *Likver v. United Health Group,* No. 05 Civ. 5014 (DLI) (RER), 2008 WL 268796, at *2 (E.D.N.Y. Jan. 30, 2008). The Court cannot find as a matter of fact that Bell knowingly disregarded this Court's imperatives or his obligations under the Rules. Defendant has not shown conclusively that he has persistently, and in bad faith, refused to comply with his obligations. *See Monaghan v. SZS 33 Associates, L.P.,* 148 F.R.D. 500, 509 (S.D.N.Y. 1993) (*citing Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212 (1958); *Trans World Airlines, Inc. v Hughes,* 332 F.2d 602, 614 (2d Cir. 1964)). In this case, dismissal is a drastic remedy incommensurate with Bell's failings. Defendant's motion to dismiss is **DENIED.**

C. **Defendant's Application to Compel Responses to Document Request and Interrogatories, and to Preclude Plaintiff from Opposing its Counterclaim.**

Defendant has moved to compel Bell to respond to its first document request and its first set of interrogatories. Defendant has also moved pursuant to Rule 37(b)(2)(B) to preclude Bell from opposing its counterclaim and affirmative defenses. On June 6, 2007, Defendant served interrogatories and document requests concerning the allegations contained in its counterclaims. Defendant contends that Bell has not answered or objected to its requests. Bell denies any noncompliance and asserts that he has, in fact, served responses to Defendant's discovery requests. He has submitted to the Court putative photocopies of the envelope he claims he used to serve his initial disclosures and responses (*see* Pl.'s Aff. in Opp. to Mot. Ex. E, F), and putative photocopies of the responses (*see* Pl.'s Aff. in Opp. to Mot. Ex. G, H). These, of course, do not prove conclusively

4

that Bell actually sent the responses. However, while there remains some question about whether Bell timely sent the information, Bell's submission to the Court shows that the information Defendant seeks is available. Therefore, **IT IS HEREBY ORDERED** that Bell submit to Defendant the materials he submitted to the Court as exhibits to his October 12, 2007 Affidavit in Opposition to Motion. The materials must be sent by a carrier which provides verification of delivery. Defendant's motion to compel responses to its document request, interrogatories, and to preclude Bell from opposing its counterclaims and affirmative defenses is **DENIED**.

D.     **Defendant's Application to Compel Rule 26 Disclosures.**

Defendant moves for an order to compel Bell to provide his Rule 26 disclosures by certified mail. Defendant has complained since May 30, 2007, about not receiving Bell's initial disclosures. On June 11, 2007, Bell averred that he timely mailed Defendant his initial disclosures, and on July 16, 2007, the Court ordered Bell to show proof of service of his Rule 26 disclosures by July 30, 2007. Bell reacted by moving to compel Defendant's deposition, and, several months later, he reiterated his unsubstantiated representation that he timely served upon Defendant his Rule 26 disclosures. As late as September 19, 2007, Defendant insisted that it had "never received a scintilla of written answers, responses or document production" (Def.'s Sept. 19, 2007 Correspondence to the Court ¶ 3). On October 22, 2007, during a telephone conference, Bell assured the Court that he would imminently resubmit to Defendant his Rule 26 disclosures and would send copies of the same to the Court. On December 12, 2007, the Court received a putative copy of Bell's original document production and answers to interrogatories. However, during a January 4, 2008 telephone conversation with the Court, Defendant represented that he never received that package. On January 11, 2008, the Court forwarded to Defendant copies of Bell's submission. Thus, there is no longer a question about

5

whether Defendant has Bell's initial disclosures. Defendant's motion to compel Bell to provide his initial disclosures by certified mail is **DENIED.**

E.    **Defendant's Application for Fees and Costs.**

Defendant moves for an order pursuant to Rule 37(C)(1) granting fees and costs incurred in making its motion to compel and opposing Plaintiff's motion to compel. The Court has broad discretion to impose sanctions for discovery misconduct, *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), and Rule 37(C)(1) permits the Court to levy reasonable expenses and attorney's fees upon "[a] party that without substantial justification fails to disclose information required by Rule 26(a)." Before a Court imposes Rule 37 sanctions, however, the non-disclosing party must have violated a court order to produce. *See Daval Steel Prod. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991). The disobedient party has the burden of showing that its failure was justified or that special circumstances make the sanctions unjust. FED. R. CIV. P. 37 Advisory Committee Notes 1970 Amendment Subdivision (b). In this case, Defendant has not made a clear showing that Bell has failed to comply with the Court's discovery order, or has failed to timely submit his required disclosures. Therefore, Defendant's motion for attorney's fees and reasonable costs incurred in moving to compel and opposing Bell's motion is **DENIED.**

**SO ORDERED this 28th day of March 2008**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

6