UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENZER BELL,

                                                 No. 05 Civ. 7182 (LTS)(RLE)

                         Plaintiff,

      -against-

ANDY'S CAR CO., INC.,

                         Defendant.

### MEMORANDUM OPINION AND ORDER

        Pro se Plaintiff Renzer Bell ("Plaintiff") moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the breach of contract counterclaim asserted by Defendant Andy's Car Company, Inc. ("Defendant"), on the basis of evidence obtained after the Court's last decision on the merits.  Plaintiff also moves for sanctions pursuant to Rule 11 on the basis of that evidence.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), and the Court presumes familiarity with all prior decisions in this action.

        Plaintiff proffers evidence that Defendant's alleged agreement with McKay concerning the purchase of the vehicle for $200,000 to $210,000 ("the McKay agreement") was oral and not memorialized in writing.  Plaintiff argues that the McKay agreement was therefore unenforceable under a statute of frauds provision embodied in Section 201(1) of the Uniform Commercial Code ("UCC") (contract for the sale of goods above a certain price must be memorialized in writing) and, as a result, there is no basis for Defendant's counterclaim, nor is there any basis for Defendant's request for relief in the form of $30,000 in lost profits because the profits are premised on an unenforceable agreement.

The primary basis of Defendant's counterclaim is the alleged oral agreement
between Plaintiff and Defendant for the delivery of a specific car by a specific time, as to which
there still exists genuine issues of material fact.  (See Mem. Op. and Order dated March 13, 2007,
at 6-7.)  The legal enforceability of the McKay agreement is immaterial to the liability aspect of
that counterclaim.  With respect to Defendant's claimed damages, even if the McKay agreement
was in violation of the statute of frauds, such a condition only makes the McKay agreement
voidable rather than automatically void -- that is, the statute of frauds is a defense that can be
raised by one of the parties to the McKay agreement (Defendant or McKay) if the enforceability of
the McKay agreement is at issue in a judicial proceeding between the contracting parties; it is not
available in a separate proceeding to a third party to the McKay agreement, such as Plaintiff.  See
Darby Trading Inc. v. Shell Int'l Trading and Shipping Co. Ltd., 568 F. Supp. 2d 329, 347
(S.D.N.Y. 2008) ("A contract not drawn in accordance with the Statute of Frauds is not ipso facto
void but only voidable, subject to being declared void if and when the statute is interposed as a
defense at the proper time and in the proper way . . . .  [T]he Statute of Frauds is a personal
defense and cannot be availed of by a third party.") (quoting Felicie, Inc. v. Leibovitz, 412
N.Y.S.2d 625, 626-67 (N.Y. App. Div. 1979)); id. ("[A]n oral contract within the statute is not
absolutely invalid but is only voidable and unenforceable at the election of the party to be charged
or his successors in interest") (quoting Raoul v. Olde Vill. Hall, Inc., 76 N.Y.S.2d 214, 220 (N.Y.
App. Div. 1980)); see also Comment 5 to UCC § 2-201 ("Failure to satisfy the requirements of
this section does not render the contract void for all purposes . . . .  Nor would the statute-of-
frauds provisions of this section be a defense to a third person that wrongfully induces a party to
refuse to perform an oral contract, even though the injured party cannot maintain an action for

damages against the party that refuses to perform."). For these reasons, Plaintiff's motion for summary judgment is denied.

Plaintiff argues that sanctions are warranted because Defendant and/or its counsel filed the counterclaim frivolously when they knew that the McKay agreement was unenforceable. Because issues as to the enforceability of the McKay agreement do not preclude Defendant's counterclaim as a matter of law as discussed above, Plaintiff's argument lacks merit and accordingly, Plaintiff's motion for sanctions pursuant to Rule 11 is denied.

For the foregoing reasons, Plaintiff's motions are denied. The Clerk of Court is respectfully requested to terminate Docket Entry Nos. 53 and 56. The parties shall continue to work with Judge Ellis to discuss settlement and any other remaining pre-trial management issues.

SO ORDERED.

Dated: New York, New York
April 3, 2009

LAURA TAYLOR SWAIN
United States District Judge